## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LT. COL. (RET.) JOE A. PUTNAM, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-22-305-G** |
| | ) | |
| UNITED STATES ARMY | ) | |
| REVIEW BOARD AGENCY, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Now before the Court is Defendant United States Army Review Board Agency ("ARBA")'s Motion (Doc. No. 15), seeking dismissal of or summary judgment upon the claims raised by Plaintiff Lt. Col. (Ret.) Joe A. Putnam in his Amended Complaint (Doc. No. 14). Plaintiff has responded (Doc. No. 18), Defendant has filed a Reply (Doc. No. 24), and the matter is now at issue.

### I.    Background

In this action, Plaintiff, a retired U.S. Army officer, brings claims for relief based upon Defendant's alleged violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 551 et seq. *See* Am. Compl. ¶¶ 1, 4, 6. Defendant is an agency of the United States Army that "serves as the highest administrative level for review of personnel actions taken by lower levels of the Army and administers a number of boards." *Id.* ¶ 5 (internal quotation marks omitted).

On November 7, 2022, Plaintiff filed his Amended Complaint. In this pleading, Plaintiff claims that Defendant violated FOIA by failing to timely conduct a search for

documents after receiving Plaintiff's request and failing to reasonably conduct that search, all in violation of 5 U.S.C. § 552. *See id.* ¶¶ 27-33. Plaintiff seeks injunctive and declaratory relief in the form of a court order requiring Defendant to provide the additional records that are properly subject to disclosure. *See id.* ¶¶ 1-3.

## II.     Relevant Standards

Defendant seeks dismissal of Plaintiff's claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the Court lacks subject-matter jurisdiction. Alternatively, Defendant seeks summary judgment on Plaintiff's claims pursuant to Federal Rule of Civil Procedure 56. *See* Def.'s Mot. at 7-24.

In challenging this court's jurisdiction, Defendant asserts that both Plaintiff's pleading and the record evidence establish that Defendant has now conducted a reasonable records search and disclosed to Plaintiff all documents responsive to his FOIA request, such that Plaintiff's claims are now moot. *See id.* at 7-8, 11-14; *see also Anderson v. U.S. Dep't of Health & Hum. Servs.*, 3 F.3d 1383, 1384 (10th Cir. 1993) ("Once the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot."); *Mink v. Suthers*, 482 F.3d 1244, 1257 (10th Cir. 2007) (noting that "mootness [is] jurisdictional and non-waivable").

Defendant therefore "challenge[s] not just Plaintiff['s] allegations of jurisdiction but also the facts underlying those allegations." *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1295 (10th Cir. 2003); *see* Def.'s Mot. at 8; *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (differentiating between facial and factual attacks in Rule 12(b)(1) motions), *abrogated on other grounds as stated in Ratheal v. United States*, No.

20-4099, 2021 WL 3619902, at *2 (10th Cir. Aug. 16, 2021). The Tenth Circuit's approach to such a challenge is well established. Generally, a court deciding a factual attack on subject-matter jurisdiction has "wide discretion" to consider evidence outside the pleadings on that issue. *Holt*, 46 F.3d at 1003. However, when "resolution of the jurisdictional question is intertwined with the merits of the case," the Rule 12(b)(1) motion "should be construed as a motion for summary judgment." *Id.*; *Ratheal*, 2021 WL 3619902, at *3.

> Although we have said that the jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case, we later clarified that the focus of the inquiry is not merely on whether the merits and the jurisdictional issue are under the same statute. Instead, whether a motion to dismiss must be converted to a motion for summary judgment depends on whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.

*Ratheal*, 2021 WL 3619902, at *3 (alteration, citations, and internal quotation marks omitted).

Here, the substantive claims presented seek relief for Defendant's alleged violation of FOIA as to requests presented by Plaintiff, whereas the jurisdictional mootness question presented is whether Defendant already has complied with its obligations pursuant to FOIA. The jurisdictional question thus arises from the same statute as that underlying Plaintiff's substantive claims, and, further, determining that question will necessarily resolve aspects of Plaintiff's substantive FOIA claims. *See id.*

Both parties rely on materials beyond the pleadings and cite summary-judgment standards to support their arguments. *See* Def.'s Mot. at 8-9 & attached exhibits; Pl.'s Resp. at 7-13, 16 & attached exhibits. Moreover, although Plaintiff has moved for a

hearing on Defendant's Motion (discussed *infra*), Plaintiff has not sought to take discovery or otherwise "show[n] by affidavit or declaration" that he is unable to "present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d); *cf.* Pl.'s Mot. Hr'g (Doc. No. 25) at 1-2 (requesting a hearing for presentation of records already in Plaintiff's possession).

Accordingly, the Court shall consider Defendant's Motion as one seeking the entry of summary judgment pursuant to Federal Rule of Civil Procedure 56.

### III.    Federal Rule of Civil Procedure 56

Summary judgment is a means of testing in advance of trial whether the available evidence would permit a reasonable jury to find in favor of the party asserting a claim. The Court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party that moves for summary judgment has the burden of showing that the undisputed material facts require judgment as a matter of law in its favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To defeat summary judgment, the nonmovant need not convince the Court that it will prevail at trial, but it must cite sufficient evidence admissible at trial to allow a reasonable jury to find in the nonmovant's favor—i.e., to show that there is a question of material fact that must be resolved by the jury. *See Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Parties may establish the existence or nonexistence of a material disputed fact by:

- citing to "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" in the record; or

- demonstrating "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A), (B); *see also* LCvR 56.1(b)-(e).  While the Court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party, *see Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005), "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Liberty Lobby*, 477 U.S. at 252.

IV.    *Discussion*

As noted, Plaintiff's claims arise from Defendant's purported failure to adhere to FOIA statutory requirements when processing Plaintiff's request for records from Defendant.  *See* Am. Compl. ¶¶ 1-3 (citing 5 U.S.C. § 552).

A.  *5 U.S.C. § 552 and FOIA Requests*

Pursuant to FOIA, a person generally "is entitled to copies of a federal agency's records upon making a request that 'reasonably describes such records' and that complies with required procedures for such requests." *Trentadue v. FBI*, 572 F.3d 794, 796 (10th Cir. 2009) (quoting 5 U.S.C. § 552(a)(3)(A)(i)).  "Congress enacted FOIA to promote public access to federal agency records and information upon request." *Friends of Animals v. Bernhardt*, 15 F.4th 1254, 1260 (10th Cir. 2021).  "Its purpose is to ensure an informed

citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *Id.* (internal quotation marks omitted). "Given this purpose, FOIA is broadly construed in favor of disclosure." *Id.* But the statute "also exempts nine categories of records from disclosure for confidentiality and privacy reasons." *Rocky Mountain Wild, Inc. v. U.S. Forest Serv.*, 56 F.4th 913, 921 (citing 5 U.S.C. § 552(b)).

When a FOIA request is made to a federal agency,

> the agency ordinarily must "determine within 20 business days . . . whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor . . . ." [5 U.S.C.] § 552(a)(6)(A)(i). If the agency decides to comply with the request, "the records shall be made promptly available" to the requester. *Id.* § 552(a)(6)(C)(i). If the agency decides not to comply, the requester can seek relief in federal court. District courts have "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

*Trentadue*, 572 F.3d at 796-97 (omissions in original) (alteration omitted).

In a FOIA action challenging an agency's decision to withhold records, "the district court reviews de novo the agency's decision not to disclose." *Rocky Mountain Wild*, 56 F.4th at 922 (internal quotation marks omitted). The Tenth Circuit

> ha[s] joined other circuits that have adopted the "reasonableness rule." The rule requires agencies to show that they reasonably tried to produce responsive records. Their search must be reasonable in scope and intensity and need not turn up every nonexempt requested document regardless of the cost of locating it. That is why we focus on the agency's search process, not the outcome. To that end, the "issue is *not* whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate." [*Trentadue*, 572 F.3d at 797] (alteration in original). The reasonableness inquiry focuses on the probability that the search will discover responsive documents, the availability of other search methods, and the feasibility of those alternative

methods.   We also consider the case's circumstances when analyzing the search.

*Id.* at 922-23 (citations and internal quotation marks omitted); *accord Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) ("[An agency] fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." (internal quotation marks omitted)).

"[C]ourts generally resolve FOIA cases on summary judgment based on affidavits or declarations" and "routinely rely on declarations to make sure an agency fulfilled its FOIA duties." *Rocky Mountain Wild*, 56 F.4th at 923.  "Discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face, and a district court may forgo discovery and award summary judgment on the basis of submitted affidavits or declarations." *Trentadue*, 572 F.3d at 807 (internal quotation marks omitted).   The district court is required to apply "a good-faith presumption" to such agency declarations; this presumption "essentially requires [the court] to credit the agency's sworn statements absent contrary evidence." *Rocky Mountain Wild*, 56 F.4th at 922 (internal quotation marks omitted).  A plaintiff "cannot rebut" that presumption of good faith "by merely speculating about the possibility of other documents somewhere." *Id.*  Rather, a plaintiff must produce "contrary evidence or proof of inconsistencies" to create a genuine issue for trial as to whether the agency reasonably tried to produce responsive documents. *Id.* at 922, 926.  "Unsupported

allegations are not enough to satisfy this burden." *Schwarz v. Nat'l Archives & Recs. Admin.*, No. 98-4070, 1998 WL 703318, at *1 (10th Cir. Oct. 7, 1998).

### B. *Plaintiff's Claims*

Having considered the parties' arguments and viewing the record in the light most favorable to Plaintiff, the Court concludes that Defendant is entitled to summary judgment on both of Plaintiff's FOIA claims.

### 1. *Timing of Defendant's Search*

Plaintiff first challenges the promptness of Defendant's response to Plaintiff's FOIA request, arguing Defendant violated FOIA by failing to timely conduct a search and release documents after Plaintiff submitted his request. *See* Am. Compl. ¶¶ 3, 9, 12-14, 16, 23-25, 27-30 (alleging that Defendant's "refus[al] to provide documents upon the initial requests" "essentially forced Plaintiff to file suit").

In support, Plaintiff alleges that he submitted a written FOIA request to Defendant on November 11, 2020, and again on December 19, 2020, with no response. *See id.* ¶ 12; Am. Compl. Exs. 3, 4, 5 (Doc. Nos. 14-3, -4, -5). On April 8, 2022, Plaintiff filed this lawsuit. On August 9, 2022, Plaintiff resubmitted his FOIA request through an e-mail from Plaintiff's counsel to ARBA's FOIA Officer Paul A. Petty. Am. Compl. ¶ 15; Am. Compl. Ex. 2 (Doc. No. 14-2) at 9-11. On August 15, 2022, Defendant requested a signed authorization from Plaintiff; Plaintiff's counsel returned the signed authorization to Defendant on August 22, 2022. *See* Am. Compl. Ex. 2, at 13-16. On September 1, 2022, and again on October 13, 2022, Plaintiff received "hundreds of pages of records from Mr. Petty." Am. Compl. ¶ 16.

Plaintiff fails to offer any evidence (as opposed to his own speculation) to refute Officer Petty's sworn statement that, although Plaintiff's 2020 requests were logged as received in the ARBA FOIA Office mailroom, Officer Petty was not made aware of them. *See* Petty Decl. ¶ 31 (Doc. No. 14-2); Petty Suppl. Decl. ¶¶ 8-10 (Doc. No. 15-1).  More significantly, Plaintiff does not explain how a now-resolved delay in the release of records is, standing alone, an actionable FOIA violation.  Courts have explained that FOIA "does not provide an after-the-fact remedy once documents have been released, however tardily." *Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59, 69 (D.D.C. 2003).

> [H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform. . . . . Under 5 U.S.C. § 552(a)(4)(B), a federal court is authorized only to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld . . . . ." Thus, once the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made.  We are not authorized to make advisory findings of legal significance on the character of the agency conduct vis-a-vis any requester of information.

*Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) (second omission in original) (alteration, citation, and internal quotation marks omitted).

Accordingly, Defendant is entitled to judgment as a matter of law on this claim.

### 2.  Adequacy and Reasonableness of Defendant's Search

Plaintiff challenges the reasonableness and scope of Defendant's FOIA search, asserting that genuine fact issues exist as to "whether the government's search for responsive documents was adequate." *Trentadue*, 572 F.3d at 797; *see* Pl.'s Resp. at 5-6, 16, 17.

The record before the Court reflects:

- Officer Petty serves as ARBA's FOIA Officer and as a Senior Analyst and Special Actions Officer and is responsible for processing FOIA requests for ARBA records.  Petty Decl. ¶ 1; Petty Suppl. Decl. ¶ 2.

- ARBA case records are maintained in an online database called the ARBA Case Tracking System (or "ACTS") system.  Petty Decl. ¶ 5.

- Upon receiving Plaintiff's counsel's August 9, 2022 FOIA request and Plaintiff's privacy release,  Officer Petty searched the ACTS by Plaintiff's name and located multiple records.  He also cross-referenced other sources within ARBA.  *Id.* ¶¶ 8-16.

- ARBA's legal office searched its litigation files.  The only documents that were located and not associated with this current litigation were internal legal review documents from 2010.  *Id.* ¶ 17.

- The Congressional Liaison and Inquiry Office ("CLI") also searched its files.  CLI did not find any request or responses related to Plaintiff during the requested time frame (within the last four years), and none were in ACTS.  *Id.* ¶ 18.

- According to Officer Petty, there are no other logical places to search for records responsive to Plaintiff's request.  *Id.* ¶ 19.

- ARBA's initial search for the requested records took approximately 5 to 6 hours.  An additional 16 hours were spent preparing the responsive records for production.  *Id.* ¶ 20.

- In accordance with 5 U.S.C. § 552(b)(5) and (6), Officer Petty redacted some portions of the responsive documents.  *Id.* ¶ 22.

- On September 1, 2022, Officer Petty notified Plaintiff's counsel via e-mail that the responsive records had been forwarded to him via the DOD SAFE application for secure transmission.  Officer Petty additionally responded in writing to each of Plaintiff's counsel's specific questions posed in the August 9, 2022 email.  *Id.* ¶¶ 24-25; Am. Compl. Ex. 2, at 12-13.

- On September 22, 2022, Plaintiff's counsel accessed the initial FOIA production from DOD SAFE.  Petty Decl. ¶ 26.

- On October 13, 2022, Officer Petty supplemented ARBA's initial FOIA response with documents that had previously failed to transmit due to a system error.  *Id.* ¶ 27.

- On October 14, 2022, the U.S. Attorney's Office e-mailed a *Vaughn* index[1] to Plaintiff's counsel. *See* Def.'s Mot. Ex. 2 (Doc. No. 15-2).

- ARBA's initial production included interoffice and/or intraoffice correspondence. Petty Suppl. Decl. ¶ 5.

- After Plaintiff raised new allegations about a lack of interoffice and/or interagency correspondence in the initial production, Officer Petty undertook an additional review but found no such correspondence. Officer Petty normally would not have conducted the additional review based upon the FOIA request but did so "as a precaution, just in case there was information located in some place that [he] did not expect it." This subsequent search took approximately 4 hours. *Id.* ¶ 6.

- Plaintiff received "at least 410 specific documents and almost 900 pages" of documents in response to his FOIA requests. Pl.'s Resp. at 10; Def.'s Reply at 9.

Plaintiff objects that this record does not demonstrate that Plaintiff has been provided "each and every non-exempted record" in Defendant's possession. Pl.'s Resp. at 5, 17. As Defendant correctly notes, however, "each and every" is not the appropriate standard. Rather, Defendant must show that it "reasonably tried to produce responsive records" and that its search was "reasonably calculated to uncover all relevant documents." *Rocky Mountain Wild*, 56 F.4th at 922; *Ancient Coin Collectors Guild*, 641 F.3d at 514 (internal quotation marks omitted).

Having considered the parties' arguments and the relevant evidence, the Court concludes that there is no genuine factual dispute as to the reasonableness in scope and intensity of Defendant's FOIA search. Officer Petty's sworn declarations indisputably

---

[1] "A *Vaughn* index is a compilation prepared by the government agency . . . listing each of the withheld documents and explaining the asserted reason for its nondisclosure." *Hull v. IRS*, 656 F.3d 1174, 1178 n.2 (10th Cir. 2011) (omission in original) (internal quotation marks omitted) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)).

show "a good faith effort to conduct a search for the requested records, using methods [that] can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).  Although Plaintiff argues that the search was inadequate because records provided from the ACTS database contained references to other documents, he cites no specific evidence to support this proposition.  *See* Pl.'s Resp. at 15.  "There is no requirement that an agency search every record system," and Officer Petty specifically asserted that record searches were conducted in every "logical" location available.  *Oglesby*, 920 F.2d at 68; *see* Petty Decl. ¶¶ 17-18. Further, "[a]n agency cannot be required to produce records when none exist."  *Schwarz*, 1998 WL 703318, at *2.

According to Plaintiff, Defendant's failure to conduct a search reasonably calculated to produce all responsive records is primarily demonstrated by the lack of Plaintiff's receipt of documents that Plaintiff believes are "missing" and omitted from the *Vaughn* index of withheld documents.  *See* Pl.'s Resp. at 10-12.  While a plaintiff can "cast doubt on the agency's claim of adequacy" by "produc[ing] evidence that relevant records have not been released," Plaintiff fails to produce such evidence here.  *Fitzgibbon v. CIA*, 578 F. Supp. 704, 726 (D.D.C. 1983) (internal quotation marks omitted).  Plaintiff instead attempts to establish a dispute as to whether documents have been improperly overlooked or withheld by pointing to (1) various items of unverified correspondence that contain references to possible inquiries by others into Plaintiff's military records and (2) a table compiled by Plaintiff's counsel, informed by his client's opinions, summarizing the documents that were produced by Defendant and those potentially withheld.  *See* Pl.'s Resp. at 10-13, 15; Pl.'s Resp. Exs. 1, 2, 3, 6 (Doc. Nos. 18-1, -2, -3, -6); Am. Compl. ¶¶ 3, 12, 19.

Neither the unverified Amended Complaint nor counsel's own argument and work product amount to "sufficient evidence in specific, factual form" regarding Defendant's search that would preclude the entry of summary judgment on Plaintiff's FOIA claim. *GeoMetWatch v. Behunin*, 38 F.4th 1183, 1200 (10th Cir. 2022) (internal quotation marks omitted); *see Mosier v. Maynard*, 937 F.2d 1521, 1525 (10th Cir. 1991) ("Factual statements . . . attributable to counsel . . . do not constitute summary judgment evidence[.]").   Plaintiff primarily attempts to undermine the sufficiency of Defendant's search by pointing to a specific letter and arguing that "[i]t does not make sense" for Defendant not to find related interoffice correspondence.  Am. Compl. ¶¶ 3, 12, 19; *see also* Pl.'s Resp. at 10, 13, 15.[2]   But Plaintiff may not rely upon "[u]nsubstantiated allegations," "ignorance of the facts," "speculation," or "suspicion" to establish the inadequacy of Defendant's FOIA search.   *GeoMetWatch*, 38 F.4th at 1200 (internal quotation marks omitted).   Officer Petty attested that he specifically searched for any records related to the cited letter.  *See* Petty Decl. ¶¶ 21, 24; Petty Suppl. Decl. ¶¶ 3-4, 6. And FOIA does not "require[] an agency to answer questions disguised as a FOIA request" or "to create documents or opinions in response to an individual's request for information." *Poll v. U.S. Off. of Special Couns.*, No. 99-4021, 2000 WL 14422, at *4 n.2 (10th Cir. Oct. 14, 1999) (internal quotation marks omitted).

---

[2] The letter, dated April 19, 2013, was sent from ARBA to Senator James Inhofe and states that it is a response to an inquiry from Senator Inhofe into Plaintiff's military record.  *See* Am. Compl. Ex. 3, at 5-6.

As Defendant's "detailed declarations comply with FOIA," and the record contains no "specific, nonspeculative, countervailing evidence" or "evidence of inconsistencies" (as opposed to counsel's argument) to rebut the good-faith presumption afforded those declarations, no genuine dispute remains as to whether Defendant "reasonably tried to produce responsive records." *Rocky Mountain Wild*, 56 F.4th at 922.  Defendant is entitled to summary judgment on Plaintiff's claim.

### 3. *Plaintiff's Motion*

Plaintiff has requested a hearing pursuant to Federal Rule of Civil Procedure 12(b)(1).  *See* Pl.'s Mot. Hr'g at 1-2.  The Court declines, as Defendant's Motion was considered and disposed of pursuant to Rule 56, with the Court thereby finding that it had an adequate factual basis upon which to make its decision.  *See Poll*, 2000 WL 14422, at *1; *see also* LCvR 78.1.  In addition, Plaintiff seeks a hearing simply to present a "sample" of the records that were produced to Plaintiff by Defendant.  Plaintiff fails to provide an adequate explanation of why any relevant records were not submitted in briefing or how such records would conceivably show a material fact issue for trial.  *Cf. Liberty Lobby*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

### CONCLUSION

As set forth herein, Defendant's Motion (Doc. No. 15), construed as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, is GRANTED. Plaintiff's Motion for Hearing (Doc. No. 25) is DENIED.

A separate judgment shall be entered.

IT IS SO ORDERED this 29th day of September, 2023.

CHARLES B. GOODWIN
United States District Judge